UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:                              )
                                    )    Chapter 13
    **William C. Broder**,    )    Case No. 18-20417
                                    )
    Debtor.                 )

DECISION ON TRUSTEE'S
OBJECTION TO EXEMPTIONS

The standing chapter 13 trustee, Andrew M. Dudley, objected to certain exemptions claimed by debtor William C. Broder.  A hearing was held on February 5, 2019 and the parties agreed that the Court could decide the issue on their submissions without any further evidence or briefing.  After due consideration of the trustee's objection and based upon the evidence before the Court, the Court hereby partially sustains and partially overrules the trustee's objection.

**Facts.**

Mr. Broder filed for bankruptcy relief under chapter 13 of the United States Bankruptcy Code on July 26, 2018.  On his initial bankruptcy schedules, he reported that he owned several assets, including real estate and a duplex in York Beach, Maine which he jointly owns with a "revoked" trust  - the Little Beach Revocable Trust.  For purposes of addressing the issues before the Court, the parties stipulated that Mr. Broder personally uses "somewhat more than 50%" of the property.

1

Through his original and amended schedules, Mr. Broder also claims that the following property is exempt in the amounts or percentages set forth here:

| Property. | Exemption. | Law that allows Exemption. |
|---|---|---|
| York Beach, ME Property | $113,000.00 | N.H. Rev. Stat. Ann. § 480:1 |
|  | $1,695.00 | N.H. Rev. Stat. Ann. § 511:2 (XVIII) |
| household goods | $2,750.00 | N.H. Rev. Stat. Ann. § 511:2 (III) |
| tvs, stereo, phone, computer | $750.00 | N.H. Rev. Stat. Ann. § 511:2 (III) |
| books, pictures, etc. | $300.00 | N.H. Rev. Stat. Ann. § 511:2 (VIII) |
| guns- Ruger S-R, Ruger RCP 380 | $175.00 | N.H. Rev. Stat. Ann. § 511:2 (VII) |
| dog | 100% | N.H. Rev. Stat. Ann. § 511:2 (X) |
| whole life [insurance policy] | $5,000.00 | N.H. Rev. Stat. Ann. § 480:2 |
| customer lists, IP, software for recruiting business | $5,000.00 | N.H. Rev. Stat. Ann. § 511.2 (IX) |

Mr. Broder maintains that he is entitled to protect property under the New Hampshire exemption scheme, rather than that of Maine, because he lived in New Hampshire until February of 2017.[1]  See, 11 U.S.C. §522(b)(3).  Other than the $1,695.00 exemption in the York Beach property, the trustee objected to these exemptions.  Mr. Broder responded, conceding that the trustee's objections to his exemptions in his guns and dog should be sustained, and that his exemptions in "books, pictures, etc." is limited to "bibles, schoolbooks and a library".  He challenges the trustee's remaining objections.

---

[1] New Hampshire permits bankruptcy debtors to choose either the federal or New Hampshire's state exemption scheme. In re Valentine, 2009 WL 3336081, at *8 (Bankr. D.N.H. Oct. 14, 2009).

**Discussion.**

The trustee bears the burden of proving, by a preponderance of the evidence, that Mr. Broder is not entitled to his claims of exemptions. F.R.Bankr.P. 4003(c); In re Gourdin, 431 B.R. 885, 891 (B.A.P. 1st Cir. 2010). The trustee first argues that Mr. Broder cannot use any of the New Hampshire exemptions because Mr. Broder testified at the meeting of creditors that he moved to Maine in 2016, and thus apparently would not be qualified to elect the New Hampshire exemptions under 11 U.S.C. § 522(b)(3(A). However, given that the only evidence properly before this Court as to when Mr. Border lived in New Hampshire is contained in Mr. Broder's response to Question 2 of his Statement of Financial Affairs (which provides that Mr. Broder lived in Bedford New Hampshire from "10/13- 2/17"), the trustee failed to sustain his burden on this aspect of his objection. Therefore, the trustee's wholesale objection to Mr. Broder's use of the New Hampshire exemptions is overruled.

Turning next to Mr. Broder's homestead exemption, New Hampshire law permits a debtor to protect $120,000 worth of his or her interest in a homestead. N.H. Rev. Stat. Ann. § 480:1 (2018). Mr. Broder asserts that he is entitled to protect $113,000 of his interest in the York Beach property in accordance with this statute. The limited facts before the Court show that the value of that property is $450,000 of which approximately $372,000 serves as security for the holder of the first mortgage on the property.[2] Mr. Broder claims, and the trustee has not objected to, a "wildcard" exemption of $1,695.00 in the York Beach property, thus leaving approximately $76,305 of equity ($450,000 - $372,000 - $1,695). The parties have not presented facts establishing with any certainty whether the York Beach property is owned solely by Mr. Broder, as a result of the alleged revocation of the Little Beach Revocable Trust on the eve of

---

[2] The property value is taken from Mr. Broder's schedules and the amount of the secured loan is from Proof of Claim No. 13-1.

filing for bankruptcy relief, or whether it is owned jointly by Mr. Broder and the trust as he indicated in his schedules. However, regardless of ownership percentages, under no circumstances would Mr. Broder be entitled to an exemption of $113,000 on the record presented by the parties. Therefore, the trustee's objection to a claim of exemption in the amount of $113,000 in connection with the York Beach property is sustained.

Next, the trustee objects to Mr. Broder's efforts to insulate $2,750 of "household goods" and $750 of "tvs, stereo, phone, computer" to the extent that those items are not "furniture" in keeping with the language of N.H. Rev. Stat. § 511:2, III (2018) ("The following goods and property are exempted from attachment and execution . . . [h]ousehold furniture to the value of $3,500."). The more exact task of determining whether any of the "household goods", "tvs", "stereo" or "phone" constitute "household furniture" is influenced by (a) the knowledge that the exemption statute is to be construed in favor of the debtor, Landry v. Landry, 917 A.2d 1262, 1265 (N.H. 2007) and (b) New Hampshire precedent which examines the term "household furniture". See, Towns v. Pratt, 33 N.H. 345, 350 (1856) ("The expression, "household furniture," must be understood to mean those vessels, utensils or goods, which, not becoming fixtures, are designed in their manufacture originally and chiefly for use in the family, as instruments of the household and for conducting and managing household affairs."). While mindful of these guideposts, the Court is also aware that the trustee sought more specific information about the various items and their use and, as best as the Court can ascertain, Mr. Broder did not comply with that request. One of the benefits of bankruptcy protection is the ability to shield select property from the reach of the trustee and creditors. § 522. Concomitant with that privilege are the debtor's duties to cooperate with the trustee to permit the trustee to perform his or her required duties, and to file schedules with sufficient specificity to inform

interested parties of the exact nature of the debtor's assets and the precise basis of any exemption claims. § 521(a); § 704(a)(1), § 1302(b)(1). Normally this Court would not quibble with a debtor's general exemption claim along the lines of "household goods" however, here, the trustee pointedly sought additional information and Mr. Border has not provided it. The trustee cannot do his job unless Mr. Broder does his – that is, provide sufficient information so that the trustee can determine if the property claimed exempt fits within the appropriate exemption scheme. Payne v. Wood, 775 F.2d 202, 206 (7th Cir. 1985) ("The debtor must furnish enough information to put the trustee on notice of the wisdom of further inquiry."); In re Doyle, 209 B.R. 897, 902 (Bankr. N.D. Ill. 1997) (Debtor's exemption claim for "Household Furnishings—4 rooms" in the sum of $1,200 did not provide adequate description to support exemption.).

As for Mr. Broder's exemption claims in his tvs, stereo, computer and phone, although the Court is hard pressed to imagine that these items were not designed and used for personal of family purposes (or that ultimately, they will be worth the trustee's pursuit), the same analysis set forth above applies. The trustee requested information and the debtor has not provided it. Therefore, the trustee's objections to Mr. Broder's exemption claims in "household furniture" are sustained.

Mr. Broder also claims a $5,000 exemption in a whole life insurance policy. In his response to the trustee's objection, Mr. Broder explains that the policy names "one or more offspring as the primary beneficiary". Mr. Broder relies on N.H. Rev. Stat. § 408:2 (2018) which provides in part that "[i]f a policy of life . . . insurance is effected by any person on his own life or on another life, in favor of a person other than himself having an insurable interest therein, <u>the lawful beneficiary thereof other than himself or his legal representatives</u>, shall be entitled to its proceeds and all other benefits against creditors and representatives of the person effecting the

same . . ." (underline added.). However, this statute does not protect the policy owner's interests in a whole life policy when, as Mr. Broder admits here, the debtor is not the beneficiary of the policy. In re Monahan, 171 B.R. 710, 717 (Bankr. D.N.H. 1994) ("The plain language of the statute clearly delineates between the rights of a third person beneficiary and the rights of the insured. The statute does *not* exempt the policy itself to the owner thereof, as does the federal exemption statute and many of the state exemption statutes. The New Hampshire statute specifies the person entitled to claim exemption as "... the lawful beneficiary thereof ...". Thus, this statute only applies in the determination of the rights of the third-party beneficiary as against the creditors and representatives of the insured. It is simply inapplicable and irrelevant in determining the rights of the insured.") (italics in the original). The trustee's objection as to the whole life policy is therefore sustained.

The trustee's final challenge is to Mr. Broder's claim that "customer lists, IP, [and] software for recruiting business" are exempt under N.H. Rev. Stat. Ann. § 511:2, IX (2018) which protects "[t]ools of the debtor's occupation to the value of $5,000". The trustee objected because he did not have sufficient information to assess whether the assets claimed as exempt were in the nature of "tools" for purposes of the statute. Mr. Broder responded that he "believes that this property [customer lists, IP, software for recruiting business] used in his business and essential to his profession qualifies as tools of his trade and are therefore exempt."

New Hampshire courts also construe the "tools of the trade" exemption broadly in favor of debtors. Wilkinson v. Alley, 45 N.H. 551, 551 (1864) ("The object of our statutes in exempting property from attachment and execution, manifestly is, to protect for the use of poor debtors, including farmers, such tools of their trade, not exceeding a definite amount, as might be indispensable in enabling them to obtain a living in their occupation."). Bateman v. Edgerly, 69

N.H. 244 (1898) ("The object of the statute was to prevent individual debtors and their families from being reduced to want, by securing to them some of the comforts and necessaries of life for their temporary need, and tools with which the debtor may continue to earn a living."). Like the parties' dispute over the "household furnishings" exemption claims, the trustee requested additional information to evaluate whether Mr. Broder's exemption claims for "tools of the trade" pass muster and, as with that earlier dispute, the record before the Court on the "tools of the trade" challenge is devoid of such additional information. The Court hoped that Mr. Broder's schedules, specifically Schedule I and the Statement of Financial Affairs, would offer sufficient support to put this exemption challenge to rest but unfortunately, they do not. For example, Schedule I does not disclose Mr. Broder's occupation and although the vast majority of Mr. Broder's income comes under line 8a of that schedule which requires a debtor to list the "[n]et income from rental property and from operating a business, profession, or farm", Mr. Broder only reported the sum of $5,959 and failed to attached the required "statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income." Nor did the Statement of Financial Affairs provide adequate information. It may very well be that Mr. Broder's customer lists, IP, and software for recruiting business are essential and indispensable tools that he needs to operate his business and support himself, however, on the record here, the Court cannot make that determination. The trustee's objection to Mr. Broder's tools of the trade exemption claim is therefore sustained.

**Conclusion.**

For the forgoing reasons, the trustee's wholesale objection to Mr. Broder's use of the New Hampshire exemptions is overruled but the trustee's remaining objections are sustained. This ruling is without prejudice to Mr. Broder amending his exemption claims and if he does, the trustee has the right to object as set forth in the Bankruptcy Code and Rules.


Dated:  March 14, 2019                                              /s/ Peter G. Cary
                                                                                    Judge Peter G. Cary
                                                                                    United States Bankruptcy Court